Keith D. Karnes, WSB # 35000
Olsen, Olsen & Daines
1599 State St.
P.O. Box 12829
Salem, OR  97309-0829
(503) 362-9393
kkarnes@olsendaines.com

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| SHELLY ZINN | ) | Case No.  C 04-1531C |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | First Amended Complaint for Violation of Fair Debt Collection Practices Act and Negligence |
| FAIRLANE CREDIT, LLC | ) | |
| WESTERN AUTOMOTIVE RECOVERY OF WASHINGTON, INC. | ) | |
| Defendants. | ) | **JURY REQUESTED** |
| | ) | |

COMPLAINT AND DEMAND FOR JURY TRIAL

I.  INTRODUCTION

1.

This is an action for actual damages, statutory damages, punitive damages and attorney fees brought by Plaintiff, Shelly Zinn, an individual consumer, against Defendants:

  A. Fairlane Credit, LLC (herein "Fairlane") for vicarious liability of WAR's negligent acts; and

  B. Western Automotive Recovery of Washington, Inc. (herein "WAR"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* (herein "FDCPA"), and negligence.

## II. JURISDICTION

2.

This Court has jurisdiction over the FDCPA claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. This Court has jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367. Venue in this district is proper because Defendants conduct business in this district and the conduct complained of occurred within the district.

## III. PARTIES

3.

Plaintiff, Shelley Zinn, is a natural person, residing in Kent, Washington. Plaintiff is a consumer as defined by the FDCPA.

4.

Defendant, Fairlane is a Delaware Limited Liability Company with its principle place of business in Colorado Springs, Colorado.

5.

Defendant, WAR, is engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

IV. FACTUAL ALLEGATIONS

6.

Plaintiff's husband, Rick Zinn, purchased a 1999 Ford F250 pickup (herein "pickup") which was financed by Defendant, Fairlane.

7.

Mr. Zinn, occasionally made late payments to Fairlane on his pickup payments.

8.

On or about April 27, 2004 Fairlane employed WAR to repossess Plaintiff's pickup.

9.

On or about April 27, 2004 Plaintiff was purchasing gasoline at a Circle K store located at or near 20727 108th St. in Kent, Washington.

10.

While Plaintiff was paying for the gasoline purchase employees for WAR began to take possession of Plaintiff's pickup.

11.

Plaintiff ran toward the pickup and attempted to stop the repossession.

12.

Employees for WAR while driving an automobile, commonly known as a "blocker" struck Plaintiff causing her physical injury.

13.

Plaintiff proceeded to her pickup and demanded that WAR's employees release the vehicle.

14.

WAR's employees refused to release the pickup and took possession of the pickup and its contents.

15.

Fairlane is liable for all acts of WAR that constitute a breach of the peace pursuant to RCW 62A.9A-609[1].

16.

Using a "blocker", refusing to stop a repossession after Plaintiff was struck by the "blocker", and refusing to release the vehicle and the contents upon Plaintiff's demand constitute a breach of the peace.

V. CLAIM FOR RELIEF
Complaint One
(Negligence WAR)

17.

Defendant WAR's action in using a "blocker" vehicle to prevent Shelley Zinn from attempting to stop the repossession of the pickup and striking her with the blocker vehicle is negligence.

---

[1] UCC 9-609 official comment 3 reads in part, "...courts should hold the secured party responsible for the actions of others taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral."

18.

Defendant WAR's action has caused Plaintiff damages including physical injury, medical expenses, embarrassment, and emotional distress.

Complaint Two
(FDCPA WAR)

19.

Defendant WAR's action in using a "blocker" vehicle, breaching the peace during a repossession, striking Plaintiff with a vehicle and refusing to release Plaintiffs' vehicle is a violation of the FDCPA.

20.

Defendant WAR's actions have caused Plaintiffs damages including, physical injury, loss of use of their pickup, medical bills, embarrassment, emotional distress, and attorney fees.

Complaint Three
(Vicarious Liability Fairlane)

21.

Defendant Fairlane is liable for WAR's action in using a "blocker" vehicle, breaching the peace during a repossession, striking Plaintiff with a vehicle and refusing to release Plaintiff's vehicle.

26.

Defendants' action has caused Plaintiff damages including physical injury, medical expenses, embarrassment, and emotional distress.

WHEREFORE, plaintiff Shelley Zinn respectfully requests that judgment be entered against Defendants as follows:

A. Declaratory Judgment that WAR's actions violated the FDCPA;

B. Actual Damages from both Defendants jointly and severally in an amount of not less than $50,000;

C. Statutory Damages from WAR pursuant to 15 U.S.C. § 1692k in the amount of $1,000;

D. Costs and reasonable attorney's fees from both Defendants pursuant to 15 U.S.C. § 1692k and the financing agreement; and

E. For such other relief that the Court may deem just and proper.

DATED February 7, 2005.

By  /s/ Keith D. Karnes
Keith D. Karnes, WSB # 35000
Attorney for Plaintiff

Please take notice that Plaintiff request a trial by jury in this action.

/s/ Keith D. Karnes
Keith D. Karnes, WSB # 35000
Attorney for Plaintiff